MEMORANDUM *
Petitioners Lidio Herrera-Hernandez (“Herrera”) and Soledad Tenorio-Bravo (“Tenorio”), natives and citizens of Mexico, petition for review of the Board of Immigration Appeals’ (“BIA”) denial of their petition to reopen as untimely. We dismiss the petition for lack of jurisdiction.
A motion to reopen must be filed within ninety days after the date of the BIA’s final decision. 8 C.F.R. § 1003.2(c)(2). The BIA “may at any time reopen or reconsider on its own motion any case in which it has rendered a decision,” 8 C.F.R. § 1003.2(a), and will do so in “exceptional situations.” In re J-J- 21 I. & N. Dec. 976, 984 (BIA 1997). Petitioners allege that here, ineffective assistance of counsel constituted an exceptional situation that should excuse their tardy filing. However, petitioners did not raise this claim before the BIA, and even if they did, we would not have jurisdiction to review the denial of sua sponte reopening. See Malty v. Ashcroft, 381 F.3d 942, 945 n. 1 (9th Cir. 2004); Ekimian v. INS, 303 F.3d 1153, 1159-60 (9th Cir 12002).
An alien who argues ineffective assistance of counsel must exhaust his or her administrative remedies by first presenting the issue to the BIA. Ontiveros-Lopez v. INS, 213 F.3d 1121, 1124 (9th Cir.2000). Petitioners could have brought their claim during their direct appeal to the BIA, where they were represented by new counsel, or in a timely motion to reopen.[1] Fail *353 ure to raise an issue below constitutes failure to exhaust administrative remedies and “deprives this court of jurisdiction to hear the matter.” Vargas v. U.S. Dep’t. of Immigration and Naturalization, 831 F.2d 906, 907-08 (9th Cir.1987); see also 8 U.S.C. § 1252(d)(1) (providing for court review of a final order of the BIA only if “the alien has exhausted all administrative remedies available to him as of right”).
For the foregoing reasons, the petition for review is dismissed.
DISMISSED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9 th Cir. R. 36-3.

. Nothing in this decision prevents petitioners from filing a motion to reopen with the BIA, raising the claims that were held unexhausted here.